IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs August 15, 2017

**STATE OF TENNESSEE v. SEAN GREENLEE**

**Appeal from the Criminal Court for Knox County**
**No. 96574     G. Scott Green, Judge**

_____

**No. E2017-00282-CCA-R3-CD**

_____

Sean Greenlee, the Defendant, appeals the summary denial of his "Motion to Correct Sentence" filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Because the motion failed to state a colorable claim, we affirm the trial court's summary denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, JJ., joined.

Sean Greenlee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Randall E. Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

In 2011, the Defendant was indicted on four counts of Class A felony rape of a child and three counts of Class B felony aggravated sexual battery. The Defendant pleaded guilty to two counts of aggravated sexual battery and was sentenced pursuant to a plea agreement to consecutive eleven-year sentences. In 2016, the Defendant filed a "Motion to Correct Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1 ("the Rule 36.1 motion"). The Rule 36.1 motion stated that the Defendant did not understand the term "consecutive sentences" because he had an "organic mental

disorder" and had been "deemed disabled" by the Social Security Administration. The Rule 36.1 motion does not claim that the sentence is illegal. The trial court found that the Rule 36.1 motion did not state a colorable claim and summarily denied the Rule 36.1 motion without a hearing. The Defendant appealed.

## II. Analysis

On appeal, the Defendant argues that the trial court erred in dismissing the Rule 36.1 motion because his sentence was "not authorized by the applicable statutes or that directly contravenes an applicable statute." *See* Tenn. R. Crim. P. 36.1(a)(2). The State argues the trial court correctly determined that the Rule 36.1 motion failed to state a colorable claim. We agree with the State.

As relevant to this appeal, Rule 36.1(a)(1) allows a defendant, at any time, to seek the correction of an illegal sentence by filing a motion in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1). Subsection (a)(2) provides: "[f]or purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Subsection (b)(2) authorizes the trial court to summarily deny the motion without a hearing if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). Although the term "colorable claim" is not defined in Rule 36.1, our supreme court has held "that the definition of 'colorable claim' in Rule 28, section 2(H) of the Rules of the Tennessee Supreme Court applies to the term "colorable claim" in Rule 36.1. *State v. Wooden*, 478 S.W.3d 585, 587 (Tenn. 2015). As relevant to this case, Rule 28, section 2(H) provides: "A colorable claim is a claim . . . that, if taken as true, in light most favorable to [the Defendant], would entitle [the Defendant] to relief[.]" "Whether the Defendant's motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589.

The Defendant pleaded guilty to aggravated sexual battery of a child less than thirteen years of age, a Class B felony. Tenn. Code Ann. § 39-13-504(a)(4). The Defendant was sentenced to eleven years on each of the two counts as a Range I, standard offender. The sentencing range for a Range I, standard offender convicted of "a Class B felony [is] not less than eight (8) nor more than twelve (12) years." Tenn. Code Ann. § 40-35-112(a)(2). The eleven-year sentence was within the applicable statutory range for each of the Class B felony aggravated sexual battery convictions.

In his brief, the Defendant claims that "convictions for aggravated sexual battery do not mandate consecutive sentencing." A trial court is not prohibited from imposing consecutive sentencing just because sentences are not statutorily mandated to be served consecutively. If a trial court finds that any one of the statutory criteria set out in

Tennessee Code Annotated section 40-35-115 has been proven by a preponderance of the evidence, the trial court can impose consecutive sentencing for multiple convictions. *State v. Edyson Rafael Arias*, No. E2005-01700-CCA-R3-CD, 2006 WL 2277667, at \*22 (Tenn. Crim. App. Aug. 9, 2006). Also, as applicable here, "consecutive sentencing is subject to plea negotiation." *State v. Houston Grady Chapman*, No. 01C01-9808-CC-00354, 1998 WL 855441, at \*1 (Tenn. Crim. App. Dec. 11, 1998) (citing *Patrick Williams v. State*, No. 01C01-9506-CR-00190, 1996 WL 233982, at \*5 (Tenn. Crim. App. May 9, 1996)), *perm. app. denied* (Tenn. May 13, 1999). A defendant can knowingly and voluntarily plead guilty pursuant to an agreement to serve sentences consecutively even if none of the statutory criteria for discretionary consecutive sentencing set out in Tennessee Code Annotated section 40-35-115 exist. *Patrick Williams*, 1996 WL 233982, at \*5.

The Defendant, in his Rule 36.1 motion, claimed that he did not understand the term "consecutive sentences" because he had an "organic mental disorder" and had been "deemed disabled" by the Social Security Administration. Although this claim could have been raised in a post-conviction relief petition, it has nothing to do with the legality of the Defendant's sentence and is not a cognizable claim under Rule 36.1.

### III. Conclusion

Accordingly, we hold that the Defendant's effective twenty-two year sentence is not illegal and that the trial court did not err in summarily denying the Defendant's Rule 36.1 motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE